UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-CV-23229-UNGARO/O'SULLIVAN

SUE DE LARA,

    Plaintiff,

v.

RB MIAMI BEACH, LLC and
SB HOTEL OWNER, L.P.,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

*/s/ David A. Coulson*
DAVID A. COULSON
Florida Bar No. 176222
coulsond@gtlaw.com
JARED R. KESSLER
Florida Bar No. 96020
kesslerj@gtlaw.com

*Attorneys for Defendants RB MIAMI BEACH, LLC and SB HOTEL OWNER, L.P.*

Pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6), Defendants, RB Miami Beach, LLC ("RB Miami") and SB Hotel Owner, L.P. ("SB Hotel" and, with RB Miami, "Defendants"), respectfully move to dismiss the Class Action Complaint [ECF No. 1] (the "Complaint") filed by Plaintiff, Sue De Lara ("De Lara"). In support of this Motion, RB Miami and SB Hotel submit the following Memorandum of Law.

**MEMORANDUM OF LAW**

**I.     INTRODUCTION**

De Lara has no standing to bring her claim. Despite complaining that RB Miami and SB Hotel failed to provide her notice on a menu that an automatic service charge would be added to her bill at the Lobby Bar, Drift ("Drift"), located within the 1 Hotel South Beach (the "Hotel"), De Lara fails to explain how Defendants' alleged failure caused her any injury. But by alleging that the bill she received from Drift before paying for her meal actually *disclosed* the inclusion of an 18% service charge, De Lara cannot and has not alleged the lack of disclosure on the menu caused her any harm. Even assuming De Lara, without any injury, somehow has standing to pursue a claim for Defendants' purported conduct at Drift, she still lacks standing to pursue claims based on purported conduct at other restaurants within the Hotel that she does not allege to have visited.

Beyond her lack of standing, De Lara's Complaint is procedurally deficient and must be dismissed. To start, De Lara fails to adequately allege the citizenship of either RB Miami or SB Hotel and, thus, fails to establish this Court's subject matter jurisdiction over her claim. Moreover, it is entirely unclear whether De Lara's allegations apply either to RB Miami or SB Hotel, since De Lara has improperly lumped the two distinct entities together throughout the Complaint. Adding to the confusion, where her claim sounds in fraud, De Lara fails to plead her allegations with the requisite specificity under Rule 9(b).

Looking past her procedural missteps, De Lara fails to state a *per se* claim for a violation of the Florida Deceptive and Unfair Trade Practice Act ("FDUTPA"). A claim for violation of FDUTPA requires De Lara to allege (1) a deceptive act by RB Miami and SB Hotel, (2) causation, and (3) actual damages. Where, as here, a claim is couched as a "per se" violation of FDUTPA, De Lara can satisfy her burden of proving the first element, a deceptive act, by establishing the violation of a law that either expressly designates itself as a FDUTPA predicate or was enacted to redress deceptive or unfair conduct.

2

Underpinning her *per se* FDUTPA claim, De Lara alleges that Defendants violated the Miami-Dade County Code of Ordinances, Section 8A-110.1 (the "Ordinance") and Florida Statutes, Section 509.214 ("Section 509.214"). But De Lara cannot rely on the Ordinance as a *per se* FDUTPA predicate because it is explicitly preempted by State law. And Section 509.214 likewise does not support her *per se* claim because it was not enacted to prevent unconscionable, deceptive, or unfair conduct.

De Lara must allege more than a deceptive act to state a claim for violation of FDUTPA (*per se* or otherwise); she must also allege causation and damages. She does not and cannot allege actual damages because she does not allege that Defendants' purported conduct caused her to pay money she would not otherwise have paid.

For these reasons, and as further explained below, De Lara's Complaint must be dismissed in its entirety.

## II.   SUMMARY OF PLAINTIFF'S FACTUAL ALLEGATIONS

De Lara, on behalf of herself and all others who, within the last four years, "purchased food and/or drinks at a restaurant, bar, mini-bar, lounge, poolside dining area, in-room dining and/or other public food service establishment owned, operated and/or controlled by Defendants at 1 Hotel South Beach," claims that RB Miami and SB Hotel violated Florida law by "unlawfully including an automatic gratuity or service charge for food and/or beverages without providing the statutorily required notice[.]" Compl. ¶ 1. Somewhat confusingly, in the same sentence in which she alleges she was given no notice, De Lara alleges that RB Miami and SB Hotel "present[ed] the notice of an automatic gratuity or service charge in small, hard to read type." *Id*.

More specifically, De Lara alleges that, on "February 20, 2018," she "went to the Lobby Bar, Drift[.]" Compl. ¶ 31. She allegedly "ordered food and/or beverage items from [Drift's] menu," suggesting she may not recall whether she ordered food, beverages, or both. *Id*. at ¶ 32. De Lara neither attaches her bill from Drift nor alleges exactly what disclosures were on it and alleges, simply, that when she was done eating, she "was presented with a restaurant bill[.]" *Id*. at ¶ 34.

On her bill, "[u]nder the subtotal of the menu items on the check," De Lara alleges, was a line-item disclosure for a "Service Charge" and "a charge for eighteen percent of the check subtotal was included in the check total." *Id*. at ¶ 35. "Under the check total," apparently in all capital letters, was an empty line for 'OPTIONAL GRATUITY'." *Id*. at ¶ 36 (capitalization in

3

Complaint). Without alleging whether she paid an "optional gratuity," implying that she may not have, De Lara alleges she "paid the check in full." *Id*. at ¶ 37. De Lara does **not** allege that she would have paid less than an 18% gratuity or that she complained about the 18% gratuity and asked to pay a lesser amount but was refused.

### III.   LEGAL STANDARDS

#### A.   Rule 12(b)(1).

"Federal courts are courts of limited jurisdiction." *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1323 (S.D. Fla. 2011) (Altonaga, J.) (citation and quotations omitted). "A court must dismiss a complaint, or portions thereof, if it determines at any time that it lacks subject-matter jurisdiction over a claim being asserted." *See id*. (citing Fed. R. Civ. P. 12(h)(3)). Motions to dismiss for lack of subject matter jurisdiction may attack jurisdiction facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003) (citation omitted). Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. *See id*. (citation omitted). Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. *See id*. "In resolving a factual attack, the district court may consider extrinsic evidence." *Id*. (citation omitted).

#### B.   Rule 12(b)(6).

To survive a motion to dismiss, a complaint must contain facts that sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotations omitted). "[W]hen the allegations of the complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (citation and quotations omitted). Under this standard, pleadings must contain "more than labels, conclusions, or formulaic recitations of the elements of a cause of action." *Nagpal v. Linde*, No. 1:13-cv-23003-UU, 2014 WL 11906631, *1 (S.D. Fla. May 7, 2014) (Ungaro, J.) (citing *Twombly*, 550 U.S. at 555); *Joseph v. Bernstein*, No. 13-24355-cv-ALTONAGA, 2014 WL 12600805, at *2 (S.D. Fla. Apr. 21, 2014) (Altonaga, J.) (same). "Indeed, 'only a complaint that states a plausible claim for relief survives a motion to dismiss.'" *Id*. (citing *Iqbal*, 556 U.S. at 679). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

4

alleged." *Iqbal*, 556 U.S. at 678.  That is, "a complaint's factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.  And although the well-pled factual allegations in a complaint are to be accepted as true, "the court need not take allegations as true if they are merely 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements[.]"  *Hall v. Omega Flex, Inc.*, No. 13-61213-CIV-DIMITROULEAS, 2014 WL 12496551, at *2 (S.D Fla. Jan. 17, 2014) (Dimitrouleas, J.) (citing *Iqbal*, 556 U.S. at 678).

IV.  **ARGUMENT**

   A.  **De Lara fails to allege an actual injury and therefore lacks standing under Rule 12(b)(1).**

The "irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "First, the plaintiff must have suffered an 'injury in fact' — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not 'conjectural' or hypothetical[.]'" *Id*. (internal citations omitted).  Second, there must be a causal connection between the injury and the conduct complained of and, third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id*. at 560–61.  The party invoking federal jurisdiction bears the burden of establishing these elements.  *See id*. (citations and quotations omitted).  Because De Lara fails to allege any actual injury she lacks standing and her Complaint must be dismissed.

The first element of standing, injury in fact, is a constitutional requirement. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citation omitted).  "To establish injury in fact," De Lara must show that she "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (citation omitted).  A "concrete" injury must be "de facto," that is, it must actually exist. *See id*. (citation omitted).  Illustrating the concept of a "concrete" injury is *Higgens v. Trident Asset Management, LLC*, No. 16-24035-Civ, 2017 WL 1230537, at *1 (S.D. Fla. Mar. 28, 2017) (Scola, J.).  There, the court concluded that a plaintiff lacked standing, notwithstanding technical statutory violations. *See id*.

In *Higgens*, the plaintiff alleged the defendant violated the Fair Debt Collections Practices Act by failing to list the plaintiff's account on his credit report as "disputed by consumer." *See id*. at *2.  Although the defendant's alleged failure may have been a technical violation of the statute,

5

"absent some showing that the plaintiff has suffered a concrete harm particular to him," the court concluded, "the plaintiff cannot enforce a violation of the statute in his own name." *Id*. As it related to an injury, the court noted that the plaintiff alleged only that he had "been damaged" and that he was "entitled to damages." *Id*. (citation omitted). And even though the plaintiff argued that his "injury stems from [the defendant's] failure to communicate that a disputed debt is disputed," the closest thing the plaintiff alleged to an actual injury is that the defendant's action affected the plaintiff's credit score (without explaining what, if any, effect was suffered). *See id*. In conclusion, the court held, "[f]rom the face of the complaint, there is simply no indication that [the plaintiff] actually suffered any harm as a result of [defendant's] alleged statutory violation." *Id*.

Like in *Higgens*, De Lara's Complaint is based on mere technical statutory violations. Central to her FDUTPA claim—the only claim in her Complaint—is the allegation that RB Miami and SB Hotel violated Section 509.214, which requires that every "public food service establishment which includes an automatic gratuity or service charge in the price of the meal shall include on the food menu and on the face of the bill provided to the customer notice that an automatic gratuity is included," Fla. Stat. § 509.214, and violated the Ordinance, which requires, among other things, notice when a restaurant includes an automatic tip in its bill. *See* Ordinance § 8-110.1(3). De Lara alleges that Defendants violated these Florida laws by failing to include on Drift's menu notice that an automatic gratuity or service charge would be added to her bill.

De Lara's own allegations belie the notion that the Defendants' purported conduct—regardless of to which Defendant the acts are attributable—caused her any injury. De Lara alleges that she visited Drift on one occasion on February 20, 2018. *See* Compl. ¶ 31. She was "presented a restaurant bill" which ***disclosed*** that an 18% "Service Charge" was added to her bill. *See id*. at ¶¶ 34, 35. Beneath "the check total was an empty line," written in capital letters, "for [an] 'OPTIONAL GRATUITY.'" *Id*. at ¶ 36 (capitalization in original). After seeing these disclosures, De Lara "paid the check in full." *Id*. at ¶ 37. De Lara does not allege that she left an optional gratuity. She does not allege that she objected to the automatic inclusion of an 18% service charge or sought to have the charge removed or reduced. She does not allege that, but for the inclusion of the 18% service charge, she would have left a tip in a lesser amount. Having known that a

service charge was added to her bill, De Lara cannot now complain that, by willingly paying that service charge, she somehow suffered an injury.[1]

Even assuming, *arguendo,* that De Lara's allegations make out a technical statutory violation of Section 509.214 or the Ordinance, she must do more than "allege a bare procedural violation, divorced from any concrete harm." *Higgens*, 2017 WL 1230537, at *2. De Lara does not—because she cannot—make such a claim and thus cannot allege an actual or imminent injury sufficient to confer upon her Article III standing.[2]

When a plaintiff lacks standing, her claim should be dismissed pursuant to Rule 12(b)(1). *See, e.g.*, *Higgens*, 2017 WL 1230537, at *2 (dismissing complaint that failed to allege an actual injury); *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998 (11th Cir. 2016) (concluding that appellant lacked jurisdiction when plaintiff alleged neither harm nor material risk of harm in connection with Citimortgage's failure to timely file a certificate of discharge after satisfaction of mortgage); *Hall*, 2014 WL 12496551, at *4 (Dimitrouleas, J.) (dismissing action where plaintiffs had "not shown that they suffered an injury in fact" and thus "lack[ed] standing"); *Kawa Orthodontics, LLP v.*

---

[1] Indeed, De Lara's voluntary payment of these charges bars her claims. Under "Florida's voluntary payment doctrine, money voluntarily paid under a claim of right, with full knowledge of the material facts, cannot be recovered merely because the paying party, at the time of the payment, mistook the law as to his liability to pay." *Carrero v. LVNV Funding, LLC*, Case No. 11-62439-CIV, 2014 WL 6433214, *6 (S.D. Fla. Oct. 27, 2014) (citation omitted). Though an affirmative defense, the voluntary payment doctrine may be considered on a motion to dismiss when the allegations on the face of the complaint show that an affirmative defense bars recovery on a claim. *See Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) ("A district court, however, may dismiss a complaint on a rule 12(b)(6) motion 'when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint.'") (citation omitted). Here, De Lara alleges she had actual notice of the included service charges and, with that knowledge, "paid the check in full." Compl. ¶¶ 35-37.

[2] Recently, in a similar case concerning the notice given of automatic service charges or gratuities, a court found that the plaintiff had standing to pursue his claims. *See Fox v. Loews Corp.*, 309 F. Supp. 3d 1241, 1245 (S.D. Fla. 2018) (Altonaga, J.). That case, however, is distinguishable on its facts. In *Fox*, the plaintiff alleged that in at least one occasion **he added a tip in addition to the automatic service charge** when he visited defendant's restaurants. *Id*. at 1244. Here, however, De Lara does not allege that she added any "additional tip" when she visited Drift. Unlike the plaintiff in *Fox*, who suffered an injury by paying a tip in excess of the automatic service charge, De Lara does not allege that she paid an additional tip and thus did not suffer any injury.

7

*Lew*, No. 13-80990-CIV, 2014 WL 12489601, at *2 (S.D. Fla. Jan. 13, 2014) (Dimitrouleas, J.) (finding that plaintiff lacked standing when there was "no concrete injury in fact").

> **B.    Even if De Lara alleged an actual injury—which she does not—she lacks standing to pursue claims arising from disclosures or omissions on menus she did not see at restaurants she did not visit.**

De Lara alleges that she visited one restaurant at the Hotel: Drift. *See* Compl. ¶ 31. Yet, she purports to bring a claim for violation of FDUTPA based on alleged omissions made at all other restaurants and bars—that she never visited—located within the Hotel. Specifically, and seemingly without personal knowledge, De Lara alleges:

> ***Upon information and belief***, Habitat, Nativ Made, Plnthouse, The Sand Box, and Watr at the 1 Rooftop, all restaurants located at the Hotel, also include automatic gratuities or service charges on customers' bills without providing proper notice on the menu and face of the bill of the charges, and ***Defendants' practices at these restaurants violate FDUTPA in the same ways as the Lobby Bar***, as set forth in the preceding paragraph.

Compl. ¶ 39 (emphasis added). Critically, De Lara does not allege that she visited Habitat, Nativ Made, Plnthouse, The Sand Box, or Watr at the 1 Rooftop. *See id*. She does not allege that she was charged—or paid—an automatic gratuity or service charge at those restaurants. *See id*. Indeed, De Lara's allegation seemingly acknowledges that she ***did not*** visit any of these restaurants. *See id*. As a result, she was not—and cannot allege to have been—injured by the alleged "practices at these restaurants." *Id*. Despite using broad brush strokes, De Lara cannot paint herself standing where none exists. As the Eleventh Circuit has explained:

> ***If [a plaintiff] cannot show personal injury, then no article III case or controversy exists,*** and a federal court is powerless to hear his grievance. This individual injury requirement is not met by alleging "that injury has been suffered by other, unidentified members of the class to which [the plaintiff] belong[s] and which [he] purport[s] to represent." *Warth v. Seldin*, 422 U.S. 490, 502, 95 s. Ct. 2197, 2207, 45 L.E..2d 343 (1975); *see also Minority Police Officers Ass'n v. City of South Bend*, 721 F.2d 197, 202 (7th Cir. 1983) ("Feelings of solidarity do not confer standing to sue."). Thus, a plaintiff cannot include class action allegations in a complaint and expect to be relieved of personally meeting the requirements of constitutional standing, "even if the persons described in the class definition would have standing themselves to sue." *Brown v. Sibley*, 650 F.2d 760, 771 (5th Cir. Unit A July 1981); *see also Vuyanich v. Republic Nat'l Bank*, 723 F.2d 1195, 1200 (5th Cir.), *cert. denied*, 469 U.S. 1073, 105 S. Ct. 567, 83 L.E.2d 507 (1984). A named plaintiff in a class action who cannot establish the requisite case or controversy between himself and the defendant simply cannot seek relief for anyone—not for himself, and not for any other member of the class. *O'Shea v.*

> *Littleton*, 414 U.S. 488, 494, 94 S. Ct. 669, 675, 38 L.E.2d 674 (1974).  Moreover, *it is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to just one of many claims he wishes to assert*.  Rather, each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim.

*Griffin v. Dugger*, 823 F.2d 1476, 1482–83 (11th Cir. 1987) (emphasis added); *see also Fox v. Loews Corp.*, 309 F. Supp. 3d 1241, 1250 (S.D. Fla. 2018) (Altonaga, J.) ("Plaintiff cannot pursue . . . claims of deceptive and unfair practices under the FDUTPA arising from inadequate disclosures in menus he never saw.") (citation omitted).

Because De Lara does not allege that she visited—and thus was not exposed to the "practices" at—restaurants other than Drift, she has no standing to pursue claims based on that purported conduct.  *See id*.  As a result, to the extent that De Lara seeks to bring her FDUTPA claim to redress conduct other than conduct allegedly occurring at Drift, her claim should be dismissed with prejudice.

**C.   De Lara's Complaint is procedurally deficient and must be dismissed.**

**1.   De Lara fails to allege the citizenship of RB Miami Beach's members or SB Hotel's limited partners and, thus, fails to make a *prima facie* showing of this Court's jurisdiction over her claim.**

De Lara contends that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA").  *See* Compl. ¶ 2.  However, before such jurisdiction exists, De Lara must allege, among other things, that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  But De Lara does not plead facts from which it can be determined the citizenship of either RB Miami Beach, a limited liability company, or SB Hotel, a limited partnership and, as a result, the Court cannot determine whether any member of the purported class is a citizen of a State different from any defendant.  *See id*.

RB Miami is a Florida limited liability company.  *See* Compl. ¶ 6.  For purposes of diversity jurisdiction, a "limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).  This includes members of members.  *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F. 3d 1218, 1220 (11th Cir. 2017).  Because "it is common for an LLC to be a member of another LLC," the "citizenship of LLCs often ends up looking like a factor tree

9

that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC." *Id*.

RB Miami's "sole member," alleges De Lara, "is Food Comma Hospitality Group, LLC, a Florida limited liability company with its principal place of business in Miami Beach, Florida." Compl. ¶ 6. De Lara fails wholesale, however, to identify—or allege the citizenship of—Food Comma Hospitality Group, LLC's members. *See id*. Consequently, the Court cannot determine whether diversity jurisdiction exists over RB Miami and De Lara's claim against it should be dismissed.

In a similar fashion, De Lara fails to plead adequate jurisdictional facts as to SB Hotel which is a "Delaware limited partnership with its principal place of business in Connecticut." Compl. ¶ 7. A limited partnership is—for purposes of diversity citizenship—a citizen of each state in which any of its partners, limited or general, are citizens. *See Carden v. Arkoma Assocs*., 494 U.S. 185, 195-96 (1990) ("We have never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members."); *Rolling Green MHP, LP*, 374 F.3d at 1021 (noting that in Carden "the Supreme Court held that for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, **limited or general**, are citizens.") (emphasis added).

In an incomplete attempt to allege SB Hotel's citizenship, De Lara alleges only that "SB [Hotel's] general partner is SB Hotel Owner GP, LLC, a Connecticut limited liability company with its principal place of business in Connecticut." *Id*. This simply is not enough. First, De Lara must also allege the citizenship of SB Hotel's limited partners. *See id*. Second, where a partner is a limited liability company—as De Lara alleges SB Hotel's general partner to be—De Lara must also allege the citizenship of all of that company's members. *See Purchasing Power, LLC*, 851 F. 3d at 1220. De Lara fails to allege the citizenship of each of SB Hotel's partners and fails, where a partner is a limited liability company, to allege the citizenship of the partner's members. As a result, this Court cannot determine whether diversity jurisdiction over SB Hotel exists and De Lara's claim against SB Hotel should be dismissed.

10

### 2. De Lara lumps together conduct allegedly attributable to RB Miami and SB Hotel in such a way that it is impossible for either to respond.

De Lara impermissibly lumps together both Defendants and when "a complaint indiscriminately lumps all defendants together, it fails to comply with Rule 8." *Joseph*, 2014 WL 12600805, at *3 (citation omitted). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "'Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant.'" *Fifth Third Bank v. Barkauskas*, No. 2:12-CV-577-FtM-SPC, 2012 WL 5507831, at *1 (M.D. Fla. Nov. 14, 2012) (dismissing complaint that "lumped" together defendants) (*citing Twombly*, 550 U.S. at 555 n.3). Factual allegations must give each defendant "fair notice" of the nature of the claim and the "ground" on which the claim rests. *See id*.

De Lara improperly defines "Defendants" to mean both RB Miami *and* SB Hotel, despite the fact that they are two separate companies. *See* Compl., Preliminary Statement. But, in lodging her allegations collectively against "Defendants," De Lara makes no attempt to distinguish between conduct allegedly attributable to RB Miami or SB Hotel. For example, among many other conflated allegations, De Lara alleges that both "Defendants operated, managed and/or controlled the Hotel;" that both "Defendants engaged in the conduct alleged [in the Complaint];" that both "Defendants made a material representation, omission, and/or engaged in practices likely to mislead people acting reasonably in the circumstances;" and that Defendants "included an automatic gratuity or service charge without providing the required notice, or not providing adequate notice to customers[.]" Compl. ¶¶ 9, 21(a), 21(e), and 38(a).

De Lara's sole cause of action is directed at both RB Miami and SB Hotel, without explaining what actions either took and without explaining the specific factual basis for either's liability. *See* Compl. ¶¶ 28-63. De Lara's lumped Complaint cannot meet the requirements of *Twombly* or *Iqbal*, *see supra* III.B, because it does not put the individual Defendants—RB Miami and SB Hotel—on notice of conduct allegedly attributable to each. At bottom, De Lara's inconsistent and factually meager allegations fail to "state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678 (citation and quotations omitted). In light of De Lara's conflated allegations, the Complaint should be dismissed. *See Vallina v. Mansiana Ocean Residences LLC*, No. 10-CV-21506, 2011 WL 11674441, at *11 (S.D. Fla. June 17, 2011) (Ungaro, J.) (When the

11

plaintiff makes general allegations against an individual but fails to specify his actions or how the actions violated the FDUTPA, the plaintiff fails to state a FDUTPA claim against the individual."); *Joseph*, 2014 WL 12600805, at *4 (dismissing complaint that did not explain what each defendant "did and the factual basis for each one's liability"); *Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) (Marra, J.) ("By lumping all the defendants together . . . and providing no factual basis to distinguish their conduct, the Lane's Complaint fails to satisfy the minimum standard of Rule 8.").

### 3. De Lara fails to allege misrepresentations or deceptive conduct with the specificity required by Rule 9(b).

De Lara claims that Defendants "falsely represent[ed] that the prices for food and/or beverages ordered by Plaintiff . . . would be lower than they were when presented with the check." De Lara, however, does not come close to alleging Defendants' purported misrepresentation with the specificity required by Rule 9(b). *See* Compl. ¶ 54(d). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Cordell Consultant, Inc. v. Abbott*, No. 11-80416-CIV, 2012 WL 12862804, at *3 (S.D. Fla. Dec. 5, 2012) (Ryskamp, J.) ("Rule 9(b) requires that the 'who, what, when, where and how' of the purportedly fraudulent acts be alleged.") (citation omitted). "The particularity requirement of Rule 9(b) applies to all claims that sound in fraud, regardless of whether those claims are grounded in state or federal law." *See Llado-Carreno v. Guidant Corp.*, No. 09-20971-CIV, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) (Altonaga, J.) (dismissing FDUTPA claim sounding in fraud that did not comply with Rule 9(b)). De Lara fails to allege Defendants' "false[] represent[ation]" with any specificity. Quite to the contrary, De Lara alleges that the automatic service charges included on her bill were ***disclosed*** as a separate line item on the bill she received. Compl. at ¶ 35. In any event, De Lara fails to plead Defendants' purported false representation with the requisite particularity and, where her claim sounds in fraud, it must be dismissed.

### D. De Lara fails to state a claim for FDUTPA.

To state a cause of action for FDUTPA, a plaintiff must allege: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *See In re Fla. Cement & Concrete Antitrust Litig.*, 746 F. Supp. 2d 1291, 1320 (S.D. Fla. 2010) (Altonaga, J.). "FDUTPA can be violated in two ways: (1) a *per se* violation premised on the violation of another law proscribing unfair or deceptive practice [or] (2) adopting an unfair or deceptive practice." *Hap v. Toll Jupiter Ltd.*

12

*P'ship*, No. 07-81027-CIV, 2009 WL 187938, at *9 (S.D. Fla. Jan. 27, 2009) (citing Fla. Stat. §§ 501.204(1), 501.203(3)).

### 1. De Lara fails to state a claim for a *per se* violation of FDUTPA.

De Lara claims that Defendants' failure to provide notice of an automatic gratuity or service charge constitutes a *per se* violation of FDUTPA. Comp. ¶ 52. De Lara establishes a *per se* FDUTPA violation if she shows: (1) the violation of a "law, statute, rule, regulation, or ordinance" that, by its plain language, constitutes a violation of FDUTPA, or (2) the violation of a law that proscribes unconscionable, deceptive, or unfair acts or practices. *See State Farm Mut. Auto. Ins. Co. v. Performance Orthopedics & Neurosurgery, LLC*, 315 F. Supp. 3d 1291, 1306 (S.D. Fla. 2018). Here, De Lara's claim is predicated on Defendants' purported violation of the Ordinance and Section 509.214. But De Lara cannot avail herself of either law to establish a *per se* violation of FDUTPA because the Ordinance is preempted by state law and Section 509.214 is not an express or implied FDUTPA predicate because it was not enacted to redress deceptive or unfair conduct.

First, a purported violation of the Ordinance is an insufficient predicate to constitute a *per se* violation of FDUTPA because the ordinance is expressly preempted by state law.[3] A municipality "may legislate concurrently with the Legislature on any subject which has not been expressly preempted to the State." *City of Hollywood v. Mulligan*, 934 So. 2d 1238, 1243 (Fla. 2006). Express preemption requires a specific legislative intent; it cannot be implied or inferred. *Sarasota All. For Fair Elections, Inc. v. Browning*, 28 So. 3d 880, 886 (Fla. 2010).

The Florida legislature specifically reserved to the State the authority to regulate public food service establishments. *See* Fla. Stat. § 509.032(7)(a) ("The regulation of public lodging establishments and public food service establishments, including, but not limited to . . . marketing of foods offered in such establishments, is **preempted to the state**.") (emphasis added). And the Ordinance, which states in part that "[e]ach business shall provide notice of (A) whether the business includes an automatic tip in its bill, and if so, the amount or method of calculation of the automatic tip" falls squarely within "the regulation of public food service establishments"—

---

[3] Preemption essentially takes a topic or a field in which local government might otherwise establish appropriate local laws and reserves that topic for regulation exclusively by the legislature. *City of Hollywood v. Mulligan*, 934 So. 2d 1238, 1243 (Fla. 2006).

an area unambiguously, explicitly, and expressly preempted by a state law.[4] *See* Fla. Stat. § 509.032(7)(a); *see e.g., Eisenberg v. City of Miami Beach*, 1 F. Supp. 3d 1327, 1348 (S.D. Fla. 2014) (Altonaga, J.) (discussing Florida Statute § 509.032(7) and noting that the "statute generally preempts regulation of public housing establishments"). De Lara cannot state a cause of action for a *per se* violation of FDUTPA premised on a purported violation of the unenforceable and preempted Ordinance.

Second, De Lara's remaining predicate for her claim for a *per se* violation of FDUTPA—Section 509.214—is equally faulty. Section 509.214 may serve as a predicate for a *per se* FDUTPA claim if and only if: (1) its text expressly states that the violation of the Section 509.214 serves as a FDUTPA predicate, or (2) Section 509.214 proscribes unfair and deceptive trade practices. *See Hucke v. Kubra Data Transfer, Corp.*, 160 F. Supp. 3d 1320, 1328 (S.D. Fla. 2015). Section 509.214 does neither.

Notably absent from Section 509.214 is any indication that a violation of this section is also a violation of FDUTPA. Indeed, there is no such reference in Part I of Chapter 509 (where Section 509.214 is located). The silence on this issue is deafening, especially against the fact that Part II of the same chapter—Chapter 509—includes an express reference to FDUTPA. There, the Florida legislature pronounced that a violation of the "Florida Membership Campground Act" "is a deceptive and unfair trade practice and constitutes a violation of the Florida Deceptive and Unfair Trade Practices Act." *See* Fla. Stat. § 509.511. The Florida Legislature's decision to omit any reference to FDUTPA in Part I, Public Lodging and Public Food Service Establishments, of Chapter 509, while including such a reference in Part II, the Florida Membership Campground Act, indicates that Section 509.214 was not intended to serve as a predicate for a claim for a *per*

---

[4] Alternatively, if the Court finds that Miami-Dade County Code of Ordinances, § 8A-110.1(1), is not expressly preempted, the ordinance would be impliedly preempted by the State. "Preemption is implied 'when legislative scheme is so pervasive as to evidence an intent to preempt the particular area, and where strong public policy reasons exist for finding such an area to be preempted by the Legislature.'" *Browning*, 28 So. 3d at 886. Here, there is no doubt that the Florida Legislature has enacted a pervasive scheme regarding "public lodging establishments and public food service establishments," which includes a disclosure of automatic gratuities requirement, as evidenced by Florida Statutes, Chapter 509, Part I, Public Lodging and Public Food Service Establishments. *See Classy Cycles, Inc. v. Bay Cty.*, 201 So. 3d 779, 788 (Fla. 1st DCA 2016) (holding that the local government's ordinances attempting to mandate an insurance requirement are an attempt to regulate in an area well-covered by existing statutes and are therefore impliedly preempted).

14

*se* FDUTPA violation.  *See Feheley v. LAI Games Sales, Inc.,* No. 08–23060–CIV, 2009 WL 2474061 at *4 (S.D. Fla. Aug. 11, 2009) (finding that Florida Statute § 849.15 fails to serve as *per se* FDUTPA predicate because it does not include express language to that effect).

Moreover, Florida Statute § 509.214 does not operate as an implied FDUTPA predicate because it does not proscribe unfair or deceptive trade practices. A deceptive act or practice is one that is likely to mislead consumers and an unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. *See State Farm Mut. Auto. Ins. Co. v. Med. Serv. Ctr. of Fla. Inc.*, 103 F Supp. 3d 1343, 1354 (S.D. Fla. 2015).  De Lara has not alleged how Defendants—who disclosed on the face of her bill the inclusion of an automatic service charge—engaged in a deceptive act.  Indeed, De Lara has not even alleged that she was misled by Defendants because, after seeing the disclosure of an 18% service charge, she paid the "check in full." Compl. ¶ 37; *see also Washington v. LaSalle Bank Nat. Ass'n*, 817 F. Supp. 2d 1345, 1350 (S.D. Fla. 2011) (holding that a Lender Admin Fee disclosed on the settlement statement that plaintiff saw at the closing was not deceptive or unfair).

At bottom, De Lara does not allege a *per se* violation of FDUTPA because the two predicates upon which her claim is based—the Ordinance and Section 509.214—are not laws that can serve as *per se* FDUTPA predicates.

### 2. De Lara fails to plead "actual damages" necessary to state a claim for violation of FDUTPA.

Regardless of whether De Lara alleges a *per se* FDUTPA predicate, she must still plead actual damages to properly state a claim for a FDUTPA violation.  *See Parr v. Maesbury Homes, Inc.*, No. 609CV-1268-ORL-19GJK, 2009 WL 5171770, at *8 (M.D. Fla. Dec. 22, 2009).

De Lara does not, because she cannot, allege that she suffered "actual damages" as a result of Defendants' purported failure to provide the statutorily required notice that her bill included an automatic charge.  As it relates to her damages, De Lara alleges only that as "a direct and proximate result of Defendants unfair and deceptive trade practices, Plaintiff and Class members suffered actual damages and are entitled to obtain the relief requested as set forth below." Compl. ¶ 53. Such a conclusory regurgitation of FDUTPA's actual damages element, however, is insufficient to state a claim for relief and De Lara's FDUTPA claim should be dismissed.  *See Twombly*, 550 U.S. at 558; *see also Mantz v. TRS Recovery Servs., Inc.,* No. 11-80580-CIV, 2012 WL 12897159, at *2 (S.D. Fla. Oct. 30, 2012) ("Merely labeling an amount of damages as 'actual' is conclusory

and insufficient to maintain a cause of action on its own."); *Mesa v. Law Enf't Sys.*, No. 15-21089-CIV-ALTONAGA/O'Sullivan, 2015 WL 12804525, at *6 (S.D. Fla. Aug. 4, 2015) (Altonaga, J.) (dismissing FDUTPA claim where plaintiff failed to allege actual damages and closest plaintiff came was "alleging 'frustration and stress[.]'"); *QSGI, Inc. v. IBM Glob. Fin.*, No. 11-80880-CIV, 2012 WL 1150402, at *5 (S.D. Fla. Mar. 14, 2012) (dismissing plaintiff's FDUTPA claim because plaintiff "failed to plead facts sufficient to show actual damages under FDUTPA"); *In re Fla. Cement & Concrete Antitrust Litig.*, 746 F. Supp. 2d at 1321–22 (holding that a complaint alleging plaintiff paid "supra-competitive and artificially inflated prices" for a product was insufficient to adequately plead actual damages under FDUTPA). De Lara does not allege that she would have paid less than an 18% gratuity or that she objected to the 18% gratuity and Drift refused to lower it. Because De Lara fails to plead actual damages, her FDUTPA claim must be dismissed.

### V.   CONCLUSION

For the foregoing reasons, De Lara's Complaint should be dismissed with prejudice.

Dated: October 22, 2018.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

*/s/ David A. Coulson*
DAVID A. COULSON
Florida Bar No. 176222
coulsond@gtlaw.com
JARED R. KESSLER
Florida Bar No. 96020
kesslerj@gtlaw.com

*Counsel for Defendants RB Miami Beach, LLC and SB Hotel Owner, LP*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 22nd day of October, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ David A. Coulson*
DAVID A. COULSON

**SERVICE LIST**
*Sue De Lara v. RB Miami Beach, LLC et al.*
**Case No. 1:18-CV-23229-UU**

| | |
|---|---|
| **David M. Marco**<br>SMITHMARCO, P.C.<br>55 W. Monroe Street, Suite 1200<br>Chicago, IL 60603<br>Tel: (312) 546-6539<br>Fax: (888) 418-1277<br>dmarco@smithmarco.com<br>  *Counsel for Plaintiff* | **James A. Francis**<br>**Lauren KW Brennan**<br>FRANCIS & MAILMAN, P.C.<br>Land Title Building, Suite 1902<br>100 South Broad Street<br>Philadelphia, PA 19110<br>Tel: (215) 735-8600<br>Fax: (215) 940-8000<br>jfrancis@consumerlawfirm.com<br>lbrennan@consumerlawfirm.com<br>  *Counsel for Plaintiff* |
| **Lewis J. Saul**<br>LEWIS SAUL & ASSOCIATES, P.C.<br>29 Howard Street, 3rd Floor<br>New York, NY 10013<br>Tel: (212) 376-8450<br>lsaul@lewissaul.com<br>Pro Hac Vice<br>*Counsel for Plaintiff* | |