**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:18-cv-23229-UU

SUE DE LARA,

       Plaintiff,

v.

RB MIAMI BEACH, LLC, *et al.*,

       Defendants.

_____/

## ORDER

THIS CAUSE is before the Court upon Plaintiff's Motion for Clarification of Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Plaintiff's Amended Class Action Complaint (the "Motion"). D.E. 42. The Court has reviewed the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.

### I.   Background

Plaintiff filed her one count FDUTPA class action complaint. Plaintiff sought to bring her claim individually, and on behalf of a class defined as:

> All persons who were customers of a restaurant, bar, mini-bar, lounge, poolside dining area, in-room dining and/or other public food service establishment at the Hotel during the Class Period and were billed and paid for food and/or beverages and the bill included an automatic gratuity, service charge and/or other automatic fee

D.E. 23 ¶ 30. Defendants filed a motion to dismiss, arguing that Plaintiff lacked standing to bring her complaint. The Court granted Defendant's motion to dismiss, finding that Plaintiff lacked standing to bring claims arising from alleged FDUTPA violations at restaurants she did not visit. D.E. 38.

In the instant Motion, Plaintiff seeks clarification of the Court's order. Specifically, Plaintiff interprets the order "as issuing a final judgment in the case, unless Plaintiff opted

1

to amend her complaint to only include allegations against the one restaurant where she paid charges." D.E. 42 ¶ 8. Plaintiff contends that if she re-files her complaint, then she will not meet the amount in controversy under CAFA. *Id.* Subsequently, the Court issued a scheduling order on May 9, 2019. As a result, Plaintiff seeks clarification of the following

    a. the Court's Order is a final judgment from which an appeal can be taken;

    b. the Court's Order will be deemed a final judgment if Plaintiff does not amend her complaint by Friday, May 10, 2019, or if Plaintiff must wait until the deadline of June 7, 2019 for the amending of pleadings from the Court's scheduling order;

    c. the Order, if deemed a final judgment, directs the parties to bear their own costs and expenses in the litigation.

D.E. 42 ¶ 13.

    As an initial matter, the Court expresses no opinion as to whether Plaintiff can successfully appeal any order of this Court. However, the Court's Order is not, on its face, a final judgment because it permits Plaintiff to amend the complaint to properly allege standing. *See Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1336 (11th Cir. 1998) ("the final judgment rule . . . ordinarily requires that all claims and issues in a case be resolved before appeal.").

    However, as Plaintiff has not filed an amended complaint by May 10, 2019, filing this Motion instead, the Court infers that Plaintiff will not be filing an amended complaint and therefore will administratively close the case. The Court's order is now a final judgment because the Court has found that Plaintiff lacks standing to bring its claims and Plaintiff has not moved to cure these defects. Thus, the Court has ruled on all claims and Plaintiff can no longer amend. *Samco Glob. Arms, Inc. v. Arita*, 395 F.3d 1212, 1214 n.2 (11th Cir. 2005) ("Although the district court order dismissed the case 'without prejudice,' it is clear that the order was nevertheless 'final,' as the district court found the defendants immune from all claims . . . and closed the case without granting

2

the plaintiff permission to amend or refile.") (citations omitted); *Gomez v. Dade Cty. Fed. Credit Union*, 610 F. App'x 859, 862–63 (11th Cir. 2015) (confirming jurisdiction over appeal where "the court dismissed plaintiff's case without prejudice [for lack of standing], but Gomez did not take the . . . opportunity to amend and refile his complaint. Instead, he appealed."); *Davis Forestry Corp. v. Smith*, 707 F.2d 1325 n.18 (11th Cir.1983) ("A dismissal without prejudice can be appealed as a final order.").

Lastly, although the order did not direct the parties to bear their own costs and expenses, no party has advanced any reason to award one party attorney's fees and as such, the Court now directs the parties to bear their own costs and expenses in this action. Accordingly, it is

ORDERED AND ADJUDGED that the Motion, D.E. 42 is GRANTED as follows:

(1) The Court's order, D.E. 38, was not a final order because it permitted Plaintiff to amend his complaint;

(2) As Plaintiff has failed to timely amend his complaint and as the Court has dismissed all claims, the order is now a final judgment;

(3) The Parties shall each bear their respective attorney's fees. It is further

ORDERED AND ADJUDGED that the Clerk of Court SHALL administratively close this case. All future hearings are CANCELLED and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _13th__ day of May, 2019.

_Ursula Ungaro_

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc:  counsel of record via cm/ecf